NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SOFTWAREART CORPORATION and ALAN JAMAL, | : <br> : <br> : <br> : |
| Plaintiffs, | : Civ. No. 07-4755 (GEB) <br> : |
| v. | : <br> : |
| SATYAJIT GOPALAKRISHNAN, NILESH KEDIA, BRAMHA INFOTECH CORPORATION, RAKESH KEDIA, SHAHNA WAZ PATEL, MANISHA BHALLA, and MICHAEL WILLIAMS CONSULTING, LLC d/b/a MICHAEL WILLIAMS, INC. | : <br> : **MEMORANDUM OPINION** <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : <br> : |

**BROWN, Chief Judge**

This matter comes before the Court upon defendant Rakesh Kedia's ("Kedia") motion to dismiss for lack of personal jurisdiction (Docket No. 45). The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a). For the reasons set forth in this Memorandum Opinion, issued without oral argument pursuant to Federal Rule of Civil Procedure 78, Kedia's motion is denied with leave to renew after the completion of limited jurisdictional discovery.

**I.   BACKGROUND**

On October 2, 2007, SoftwareArt Corporation ("SoftwareArt") and Alan Jamal (collectively "Plaintiffs") filed an amended complaint against Kedia and six other defendants ("Complaint"). The Complaint asserts three claims against Kedia: unfair competition, negligence

1

and civil conspiracy. (Compl. ¶¶ 91-112.) More specifically, the Complaint alleges that Kedia was an agent or employee of SoftwareArt and was responsible for recruiting information technology consultants from India to work in the United States. (Id. ¶¶ 36, 100.) The Complaint alleges that Kedia also acted as a recruiter for defendant Bramha Infotech Corporation ("Bramha"), a competitor of SoftwareArt. (Id. ¶¶ 37, 92.) According to the Complaint, while working for Bramha, Kedia utilized the name of SoftwareArt to create confusion among recruits. (Id. ¶¶ 38, 92.) As a result, Bramha benefitted from the reputation and goodwill associated with the trade name "SoftwareArt," to the detriment of SoftwareArt. (Id. ¶¶ 91-98.) SoftwareArt also claims that it has been damaged by Kedia actions in taking illegal and unethical "bank guarantees" taken by Kedia on behalf of SoftwareArt, from consultants desiring to work for SoftwareArt. According to the Complaint, these "bank guarantees" rendered SoftwareArt in non-compliance with applicable immigration laws and regulations. (Id. ¶¶ 99-106.) SoftwareArt also alleges Kedia conspired with Bramha and Nilesh Kedia to illegally collect "bank guarantees" to the detriment of SoftwareArt. (Id. ¶¶ 107-112.)

On April 25, 2008, Kedia filed the present motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). Kedia argues that the Court lacks personal jurisdiction because he is a citizen of India who has never lived in New Jersey, owned property in the State, or even visited the United States. (Kedia's Br. at 2; Declaration of Rakesh Kedia ("Kedia Decl.") at 1-2.) Additionally, Kedia states that he is an independent recruiter and has conducted all of his recruiting operations in India among foreign citizens. (Kedia Decl. at 2.)

In their Opposition brief, Plaintiffs argue that personal jurisdiction exists over Kedia for

2

various reasons, including Kedia's actions as an agent and employee of Bramha, his communications in the forum by mail, telephone and electronic mail, his involvement with an international bond scheme, his utilization of a New Jersey law firm prior to this suit. Alternatively, Plaintiffs requested jurisdictional discovery.

## II. DISCUSSION

### A. Personal Jurisdiction

A district court sitting in diversity applies the law of the forum state in determining whether personal jurisdiction is proper. North Penn Gas Co. v. Corning Natural Gas Corp., 897 F.2d 687, 689 (3d Cir. 1990). New Jersey's long-arm statute permits the exercise of personal jurisdiction over a non-resident defendant to the outer boundaries allowed under the Due Process Clause of the Fourteenth Amendment. N.J. Court Rule, 4:4-4; Charles Gendler & Co., Inc. v. Telecom Equip. Corp., 508 A.2d 1127, 1131 (N.J. 1986). Pursuant to the Due Process Clause, personal jurisdiction may be asserted over a non-resident so long as the defendant has "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citations omitted). These contacts must be of a nature such that the individual non-resident defendant "should reasonably anticipate being haled into court there." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985) (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980)).

There are two theories under which personal jurisdiction may be exercised: general and specific jurisdiction. First, the court may find that the defendant has had sufficiently "continuous and systematic contacts" with the forum to support general jurisdiction. Nicholas v. Saul Stone

& Co. LLC, No. 97-860, 1998 WL 34111036, at *10 (D.N.J. 1998) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408 (1984)). To support such a finding, the plaintiff must show significantly more than mere minimum contacts with the forum state. Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.2d 434, 437 (3d Cir. 1987). The facts required to establish general jurisdiction must be "extensive and persuasive." Reliance Steel Prods. Co. v. Watson, Ess, Marshall & Enggas, 675 F.2d 587, 589 (3d Cir. 1982). "If a party is subject to the general jurisdiction of a state, that party can be called to answer any claim against her, regardless of whether the subject matter of the cause of action has any connection to the forum." Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1221 (3d Cir. 1992).

 Second, if the cause of action is "related to or arises out of" the defendant's activities within the forum, the court may exercise specific jurisdiction. Id. This principle gives rise to a two-prong test: (1) the defendant must have constitutionally sufficient "minimum contacts" with the forum State, and (2) if minimum contacts are shown, jurisdiction may be found where the court determines, in its discretion, that to do so would comport with "traditional notions of fair play and substantial justice." Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Prods. Co., 75 F.3d 147, 150-51 (3d Cir. 1996). The first prong – sufficient minimum contacts – exists if the defendant "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Asahi Metal Indus. Co. v. Superior Court of Cal., 480 U.S. 102, 109 (1987) (quoting Burger King, 471 U.S. at 475). Once the plaintiff has made out a prima facie case that satisfies the first prong, the defendant must present a "compelling case that the presence of some other considerations would render jurisdiction

unreasonable." Burger King, 471 U.S. at 477.  In determining whether the assertion of jurisdiction violates the second prong which requires upholding traditional notions of fair play and substantial justice, the court must consider several factors: the burden on the defendant, the interests of the forum state, plaintiff's interest in obtaining relief, the interstate judicial system's interest in obtaining efficient resolutions of controversies, and, if relevant, the shared interest of the several states in furthering substantive social policies.  Id. at 476-77.

### B.  When Jurisdictional Discovery Is Appropriate

A court has discretion to allow discovery when considering a motion to dismiss for lack of personal jurisdiction.  Massachusetts Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir. 1997); Streamlight, Inc. v. ADT Tools, Inc., No. 03-1481, 2003 WL 22594316, at *4 (E.D. Pa. Oct. 9, 2003).  Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, courts generally allow jurisdictional discovery unless the plaintiff's claim is "clearly frivolous."  Mass. Sch. of Law, 107 F.3d at 1042.  A court may deny jurisdictional discovery where a plaintiff fails to establish a "threshold prima facie showing" of personal jurisdiction.  Streamlight, 2003 WL 22594316, at *4.  In other words, if a plaintiff presents factual allegations that suggest with "reasonable particularity" the possible existence of the requisite contacts between the party and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained.  See Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003).  Where the plaintiff makes this required threshold showing, courts within the Third Circuit have sustained the right to conduct discovery.  Id. at 456-58 (allowing discovery on defendant's "business activities in the United States, including business plans, marketing strategies, sales and other commercial interactions").  However, the

Third Circuit has recognized that "[w]here the defendant is an individual, the presumption in favor of discovery is reduced." Mass. Sch. of Law, 107 F.3d at 1042.

  C. **Application**

The Court concludes that the record contains non-frivolous allegations sufficient to support leave to conduct limited jurisdictional discovery. Plaintiffs first allege that jurisdiction exists over Kedia because he has contacted the State of New Jersey through electronic mail ("e-mail"), telephone calls, and regular mail. (SoftwareArt Opp. Br. at 4-5.) This allegation is not frivolous. Indeed, it is supported by the limited evidence before the Court. Specifically, Kedia's brother, Nilesh, verified in his deposition that various forms of correspondence were sent between New Jersey and the Defendant in India. (Brown Decl., Ex. C at 196:10-197:11.) These types of contacts, if sufficiently substantial, may serve as the basis for personal jurisdiction over the defendant. In Burger King, the United States Supreme Court stated that:

> Although territorial presence frequently will enhance a potential defendant's affiliation with a State and reinforce the reasonable foreseeability of suit there, it is an inescapable fact of modern commercial life that a substantial amount of business is transacted solely by mail and wire communications across state lines, thus obviating the need for physical presence within a State in which business is conducted. So long as a commercial actor's efforts are 'purposefully directed' toward residents of another State, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction.

471 U.S. at 476 (citations omitted). However, this Court has held that "email communications must occur within the context of other 'substantial' connections to the forum in order to constitute purposeful availment." Machulsky v. Hall, 210 F. Supp. 2d 531, 539 (D.N.J. 2002) (citing Barrett v. Catacombs Press, 44 F. Supp. 2d 717 (E.D.Pa. 1999)). Thus, the Court grants leave to further develop the record to uncover whether these communications were either: (1)

6

"continuous and systematic" to support a finding of general jurisdiction, or (2) that one of the Plaintiffs' causes of action against Mr. Kedia "arise from or relate to" these limited contacts.

Plaintiffs also allege that Mr. Kedia sent approximately fifty consultants to New Jersey on the behalf of Bramha. (Brown Decl., Ex. C at 193:11-194:18.) The record, however, is not clear regarding whether these contacts are related to one of Plaintiffs' causes of action. Additionally, Mr. Kedia argues that he was an "independent recruiting agent," but his role in the alleged underlying scheme remains less than clear. (Decl. of Peter A. Brown, Esq. ("Brown Decl."), Ex. D at 13.) The record could be further developed by questioning Kedia about his day-to-day business practices for SoftwareArt and Bramha, including any payments made to or from New Jersey, any contracts, negotiations or solicitations made by Kedia in New Jersey, whether Kedia remained in contact with any consultants placed in New Jersey, and any other relevant details of Kedia's procedure for placing recruits in New Jersey. In sum, to support jurisdiction on this basis, Plaintiffs need to produce evidence that Kedia's recruiting activities in India resulted in him "purposefully avail[ing] [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Asahi, 480 U.S. at 109.

In order to promote efficiency in the discovery, the Court concludes that certain arguments put forth by Plaintiffs fail. Specifically, the Court rejects Plaintiffs' argument that Kedia's alleged visa application and alleged attempt to retain legal counsel in the United States serve as a basis for jurisdiction. The evidence before the Court demonstrates that Kedia did not try to retain legal counsel; rather, his brother Nilesh Kedia retained the firm of Stark & Stark. (Decl. of Benjamin E. Widener ("Widener Decl.") ¶¶ 3-10.) Moreover, the evidence indicates that Kedia did not file his visa application himself and, in fact, never used the visa prior to its

expiration. (Brown Decl., Ex. M; Widener Decl., Ex. B at 198:14-200:3.) Additionally, the Court fails to see how the "bank guarantee" or "bank bonds" are, in themselves, grounds for personal jurisdiction over Kedia. These agreements were made in India between Indian citizens and are not directed at residents of New Jersey.

The Court cannot say that the Plaintiffs' claims against Mr. Kedia are frivolous – let alone "clearly frivolous." Accordingly, the Court will allow limited jurisdictional discovery regarding whether personal jurisdiction exists over Kedia.

### III. CONCLUSION

For the foregoing reasons, the Court will deny Mr. Kedia's motion with leave to refile after the completion of limited jurisdictional discovery. An appropriate form of Order accompanies this Opinion.

Dated: July 22, 2008

                                                                   s/ Garrett E. Brown, Jr.
                                                  GARRETT E. BROWN, JR., U.S.D.J.